IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LHF PRODUCTIONS, INC., | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:16-cv-00030 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| DOES 1–10, | ) United States District Judge |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

In this copyright-infringement case, plaintiff LHF Productions, Inc., claims that defendants Does 1–10 illegally downloaded copies of the film *London Has Fallen* using a file-sharing service known as BitTorrent. At the time of filing, LHF did not know the defendants' true identities; it knew only their Internet Protocol addresses (a series of numbers assigned to each Internet subscriber), Internet service providers, and service locations. Hence, the court allowed LHF to conduct expedited discovery and serve subpoenas on the Internet service providers, requesting documents containing the defendants' identifying information. Proceeding *pro se*, one of the defendants, who identifies herself as Julie Henegar, now moves to quash or vacate the subpoena served on her Internet service provider. For the reasons that follow, the court will deny the motion.[1]

Federal Rule of Civil Procedure 45 governs third-party subpoenas. As relevant here, it provides:

> (3) *Quashing or Modifying a Subpoena.*
>
> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

---

[1] The court does not believe that an oral hearing would be helpful in deciding Henegar's motion. It will thus rule without one. *See* Fed. R. Civ. P. 78(a); W.D. Va. Civ. R. 11(b).

>   (i) fails to allow a reasonable time to comply;
>
>   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
>   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
>   (iv) subjects a person to undue burden.
>
>   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
>   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>
>   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3).

Here, Henegar does not raise any of these concerns in support of her motion to quash or vacate the subpoena served on her Internet service provider. (Def.'s Mot. to Quash 1, Dkt. No. 9.) Nor does she challenge the relevancy of the requested documents. (*Id.*) Instead, she makes the following assertions, all of which go to the merits of LHF's claim: (1) she has "no knowledge of the movie they claim we downloaded"; (2) she "live[s] in Vinton, Virginia and not any of the places that it was done in"; and (3) she has "been told that someone may have tapped into [her open Wi-Fi] system." (*Id.*)

Although these assertions might very well be true, they are not grounds for quashing or vacating an otherwise proper subpoena. "It is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena." *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011); *accord Malibu Media, LLC v. Doe*, No. GJH-15-3192, 2016 U.S. Dist LEXIS 51874, at *3 (D. Md. Apr. 18, 2016); *Voltage Pictures, LLC v. Doe*, 818 F.

Supp. 2d 28, 35 (D.D.C. 2011). If LHF later decides to name Henegar as a party defendant, then she will be given an opportunity to challenge its claim. But now is not the time for her to do so. The court permitted LHF to serve a subpoena on Henegar's Internet service provider, and she has not identified any valid reason why that subpoena should be quashed or vacated. Accordingly, the court will deny Henegar's motion.[2]

An appropriate order will follow.

Entered: August 2, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] Even if her motion had some merit, Henegar has effectively waived or mooted it by voluntarily disclosing her actual name and address. It does not matter now whether Henegar's Internet service provider responds to LHF's subpoena; LHF already has all of the identifying information that it needs to name Henegar as a party defendant and serve her with process.